NATCHEZ, JACKSON AND COLUMBUS RAILROAD COMPANY *v.* JANE E. CURRIE.

1. RAILROAD. *Damages of land. Enhancement of value. Rule in trespass.*
   The measure of damages for the unlawful entry upon land, and the construction and operation of a railroad through the same, cannot be diminished by the enhancement of the value of adjacent lands, resulting from the building of such road; and this rule is applicable in trespass as well as in any other action for the ascertainment of such damages.

2. SAME. *Injury to land. Action of trespass. Possession.*
   To entitle the owner of land thus entered, used, and damaged to maintain trespass for such injury it is not necessary that he should be in possession at the time of commencing his action, but only that he should have had possession at the time of the entry.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

This is an action of trespass brought by Jane E. Currie against the Natchez, Jackson and Columbus Railroad Company to recover damages for an entry upon and excavation of a certain piece of plaintiff's land and the construction and use of a railroad through the same by the defendant. The declaration alleged that the defendant " ejected and put the plaintiff from the possession, use, and occupation of said messuage."

The evidence shows that the plaintiff was in possession of the land at the time of defendant's entry.

The court refused to give the thirteenth instruction asked by the defendant, which was in the following language:

" The jury in making their verdict will consider the question of damages to the lot of plaintiff as a whole, and if they believe from the evidence that the half-acre lot through which the cut was made was increased in value by the building of the road through the same, then they will find for the defendant."

The plaintiff obtained a judgment in her favor, and the defendant appealed to this court. This case has been in this court upon a former appeal. See 61 Miss. 725.

*Nugent & McWillie*, for the appellant.

To maintain an action for continuing trespasses, the plaintiff must be in possession when the suit is brought; "to entitle the plaintiff to bring an action of trespass *quare clausum fregit*, possession in fact is indispensable." Sedgwick on Damages, chap. v, and cases cited in the foot-notes. "And it results," says Sedgwick, "from the same rule, that if the trespass amount to an ouster of the plaintiff he can recover damages only for the trespass itself or first entry; for though every subsequent wrongful act is a continuance of the trespass, yet to enable plaintiff to recover damages for those acts there must be a re-entry." Ib. citing 2 Ld. Raym. 974; Black Com., 1 Ib. 111, 210; 2 J. Cases 27; 19 Wend. 507; 8 Ohio 40; 1 Lit. Rep. 239.

The diminished value of the land resulting from the occupancy and use was the test of damages. If the building of the road enhanced the value of the entire lot, how could the plaintiff complain? She certainly could not be said to be injured in the face of a direct benefit. It is not the case of condemnation when the easement in fee is to pass. There the rule invoked by the appellee would apply. The plaintiff sues for damages growing out of a trespass which, in fact, has not damaged her a particle. Granting all the plaintiff claims, she has been largely benefited. Wood's Mayne on Damages 569 *et seq.; McGune* v. *Grant,* 1 Dutcher 356.

*Calhoon & Green,* for the appellee.

The plaintiff was not bound to prove possession. The party who has the title is in actual possession in such cases. Bigelow's Leading Cases on Torts 350. But the plaintiff was in possession. That trespass is *quare clausum fregit* a proper remedy and the proper measure of damage is shown by *M. & C. R. R. Co.* v. *Payne,* 37 Miss. 700; *Chicago R. R.* v. *Baker,* 73 Ill. 316; *Kavet* v. *St. Paul R. R.,* 22 Minn. 118; Ib. 34; 3 Welsb. H. & G. (Ex.) 168; 61 Miss. 540; *Anderson* v. *Kernodle,* 54 Ind. 314.

It was held in *M. & C. R. R. Co.* v. *Payne,* 37 Miss. 700, that it was incompetent to prove that the property of the plaintiff had been advanced in value by the railroad.

COOPER, J., delivered the opinion of the court.

The rule that the increased value given to adjacent lands by the construction of a railroad cannot be considered in determining the compensation to be paid for the right of way, is as applicable in an action of trespass brought by the owner against the railroad company to recover damages for an unlawful entry, as in an action brought by the company to condemn the right of way. It is a rule of right for the measuring of damages and is applicable in all actions in which these damages are the subject of the proceedings.

The plaintiff was in possession of the premises at the time the injury complained of was inflicted, and is entitled to a recovery in this action.

Both of these questions were decided in the case of *N. & G. N. R. R. Co.* v. *Moye*, 39 Miss. 374.

*Judgment affirmed.*