CANTON, ABERDEEN & NASHVILLE RAILROAD CO., *v.* MATTIE FRENCH.

1. RAILROADS.  *Trespass.  Void condemnation.  Estoppel.*
    In an action of trespass against a railroad company for building its road on plaintiff's land, a plea averring that the land was, before entry, condemned and compensation tendered, is bad on demurrer if it appears that notice of the proceedings was not served on the owner but on her husband, no reason being shown for the failure to notify her.  Such proceedings are void, and merely standing by while the road was being built does not estop the owner from suing in trespass.

2. SAME.  *Subsequent condemnation.  Damages.  Verdict.*
    In such action of trespass the damages cannot be reduced by showing condemnation after the road is built and payment of the compensation fixed to the owner, for in such proceedings the original trespass is not involved and cannot be considered.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

Action of trespass instituted by appellee against appellant in April, 1889, for entering upon and cutting down trees and digging ditches on plaintiff's land, and in building and operating a railroad thereon.   The defendant interposed a plea of general issue, and a special plea setting up condemnation proceedings in 1883, prior to the entry, and tender of the amount awarded plaintiff.   To this plea a demurrer was sustained.   Thereupon the defendant filed another plea, averring that in October, 1889, after suit brought, and about five years after the road was built, other condemnation proceedings were had, and that $150, the compensation therein awarded plaintiff as the owner of the land, had been accepted by her.   To this plea a demurrer was also sustained, and the cause was tried on the general issue, resulting in a verdict and judgment against the defendant for $450 damages.   It was shown that the road was constructed in 1884, and plaintiff's evidence was directed to the point of showing all damages sustained by her up to the time of the condemnation in October, 1889.   The testimony was conflicting as to the amount of damages, but there was evidence in support of the finding of the jury.   On the trial, the court, at the

instance of plaintiff, gave the following instructions, which were objected to :—

" 1. The court charges the jury that this is a suit by Mrs. French against the Canton, Aberdeen & Nashville Railroad Company for damages for trespass committed by the R. R. Company in building its track upon the land of Mrs. French, without her consent, throwing up embankments and digging ditches thereon, and all the jury have to do is to determine the amount of such damage. Now if the jury believe from the testimony in the case that the plantation of Mrs. French was damaged by the building of said railroad or by the digging of said ditches or throwing up of said embankments, they will find for the plaintiff the amount of damages so sustained by plaintiff as they may think the testimony warrants."

" 2. The court charges the jury that the only thing they have to consider in this case is whether Mrs. French was damaged by the building of the railroad, and if so damaged what amount of damages she has sustained. And if the jury believe that Mrs. French, or her plantation, was damaged by the building of said railroad, independent of any accessibility to the outside world which the running of trains thereon caused, they will find for plaintiff the amount of the damages sustained by her as they may believe the testimony in the case shows."

" 3. The court charges the jury that the condemnation proceedings of Oct. 1889, and the payment of $150.00 thereunder, can have no effect whatever on the damages sustained by plaintiff by the railroad trespass on her land from 1884 to Oct. 1889. And if the jury believe from the evidence that plaintiff suffered $500.00, or any other amount of damage, by reason of said trespass of said railroad company at any time before Oct. 1889, then the jury will find their verdict for plaintiff for the amount so found."

Motion for new trial overruled. Defendant appeals. The opinion contains a further statement of the case.

*W. P. & J. B. Harris*, for appellant, filed a lengthy brief making the following points :—

1. It was error to sustain the demurrer to defendant's second plea, and in excluding from the jury the facts therein set up going

to show that the land of plaintiff was properly condemned in 1883, before the road was built, and that the amount of compensation awarded was tendered to plaintiff. It was a mere clerical error that the lands were described as being in sec. 17, instead of 20. The true line was surveyed and located, and the land was sufficiently described regardless of this clerical error. The true owner was named and notified, and the land was well identified. It was a straitened and over-strict view to hold that the condemnation was a nullity because of a mistake in the number of the section.

2. If mistaken in the first proposition, we submit that it was error to reject from the consideration of the jury the second condemnation and the receipt of the award therein by plaintiff before the trial. That would have affected the amount of the recovery. In condemnation proceedings the compensation to be awarded has been held to include not only the value of the land taken, but the direct effect of making the road by excavation, embankments and the proper use of the adjacent land. *Brown* v. *Beatty,* 34 Miss. 227 ; *Isom* v. *Railway Co.,* 36 Ib. 300 ; *Railway Co.* v. *Moye,* 39 Ib. 374 ; 6 Am. & Eng. Enc. Law, p. 618.

The condemnation gives all the action of trespass covers, and a little more. Here the plaintiff complained of the embankments, excavations and track, and the damage to adjacent lands. The action contemplated recovery for a permanent injury to the property that would impair its use and value.

We admit the doctrine of the following cases decided by this court : *Railroad Co.* v. *Dickson,* 63 Miss. 380 ; *Beck* v. *Railroad Co.,* 65 Ib. 172 ; *Railway Co.* v. *Day,* 67 Ib. 227. In the first case mentioned the court meant that trespass was an injury to possession, but that it might not include in its scope permanent injuries to the soil. Having brought the action for permanent injury to the fee, the plaintiff should have been limited to the temporary disturbance from these injuries for the time anterior to the condemnation ; but this was not done. There was no effort to show the damages caused by a disturbance of the use during the five years, nor what amount of timber was cut or its value. Plaintiff lumped the injuries as affecting the use of the land with the loss or

destruction of the land.    This was exacting payment for the same thing twice.

*E. H. Bristow,* for appellee.

1. The demurrer was properly sustained to the second plea, which set up the attempted condemnation proceedings in 1883. These proceedings were void because : 1. The land was described as being in section 17 when it was in 20 ; 2. There was no proper service of process on the owner, and no appearance by her.

2. The plaintiff was not estopped because she " stood by," knowing of the construction of the railroad.    *Thornton* v. *Railroad Co.,* 84 Ala. 109 ; *Blodgett* v. *Perry,* 97 Mo. 263.    She only waited five years to bring the suit, whereas the law allowed her to stand by for six years.    Code 1880, § 2669.

3. The plea *puis darrein continuance,* attempting to set up three separate defenses, was demurrable for duplicity, if nothing else. *State* v. *Bank,* 33 Miss. 499.    But this court has emphatically settled the question on the merits attempted to be set up by this plea.    Trespass committed is not involved in the determination of the due compensation for the right of way.    *Railroad Co.* v. *Dickson,* 63 Miss. 380 ; *Beck* v. *Railroad Co.,* 65 Ib. 172.

The condemnation in 1889 could not adjust the damages for the trespass of 1884.

4. There was no error in the instructions, and the verdict of the jury is amply sustained by the testimony.    Plaintiff only claimed actual damages arising prior to the condemnation in 1889.    The verdict is for an amount really less than plaintiff was entitled to recover, and of this the defendant cannot complain.    *Railroad Co.* v. *Doggett,* 67 Miss. 250.

It was proper for the court to refuse to allow the defendant to bring before the jury in mitigation of damages the misleading circumstance that there was a subsequent condemnation of the land.

In *Railroad Co.* v. *Fite,* 67 Miss. 373, there was but a technical violation of duty and no wilful wrong ; still the intimation was plain that had there been any actual damages the plaintiff could have recovered.    Here the plaintiff claimed recovery only of the

*actual damages* sustained, and the motive of the defendant in committing the trespass was wholly immaterial.

*W. B. Walker*, on the same side.

1. A railroad company is a trespasser in constructing its road upon land over which it has not acquired the right of way. *Railroad Co.* v. *Dickson*, 63 Miss. 380 ; *Beck* v. *Railroad Co.*, 65 Ib. 172.

2. Its liability for such trespass is independent of the duty to render due compensation in proceedings for condemnation of the right of way. See cases above cited, and *Railway Co.* v. *Day*, 67 Miss. 227.

It is not claimed by counsel for appellant that plaintiff was barred of the recovery of damages, but only that the defendant could show the condemnation proceedings in mitigation. The answer to this is that punitive damages were not asked, but only compensation.

3. The amount of plaintiff's recovery was a question of fact which was proper to be submitted to the jury. The verdict is supported by the testimony, and might have been for a larger sum. The court will not disturb ·the finding. *Railroad Co.* v. *Doggett*, 67 Miss. 250.

WOODS, C. J., delivered the opinion of the court.

The action of the trial court in sustaining the demurrer of the plaintiff below to the railroad company's first special plea, which set up an alleged condemnation proceeding of the *locus in quo* in the year 1883, is assigned for error and will first be briefly considered by us. A great part of the luminous and able brief of counsel for appellant is devoted to an effort to show that there was a mere clerical mistake in the insertion in those proceedings of the wrong number of the part of the section of land *actually* sought to be condemned (17 instead of 20, the true number), and this presentation of this branch of the case offers for consideration a most interesting legal question ; but any determination of this question, on all the facts disclosed, would be improper, and is unnecessary for this reason, viz., the defendant in that attempted condemnation proceeding, who is. the appellee here and who was then and yet is the

owner of the land in question, was not a party to that proceeding. The return of the sheriff shows that there was a fatal defect in his execution of the summons. The return states that the officer " served this process on Mattie French by handing to her husband, J. W. French, a true copy of the same, he being an inmate of the house in which she resides, over the age of sixteen years and willing to receive the same." There is nothing in the return to show that Mattie French could not be found at her usual abode, and until this fact was made to appear by the officer's return there was a want of authority to execute the process by delivering a copy to another person for her.

The plea is not assisted, either, by its averment that Mrs. French had knowledge of this attempted condemnation, and of the railroad company's construction of its line over her lands ; for the proceeding of condemnation under which the railroad entered upon the lands was as to her *res inter alios acta,* and she had the right, if she chose, to stand by without taking any action, provided only she did not permit the statute of limitation to bar her action for the trespass.

The real controversy in the case arises over the action of the court below in sustaining the demurrer to the plea *puis darrein continuance* interposed by the railroad company at the second term of the court after suit began.

How were the rights of the parties affected by this second and successful condemnation proceeding which was had in the year 1889, several years after the trespass had been committed, and several years after the cuts and fills on the *locus in quo* had been made, and several years after the injuries to the adjacent lands had been done ?

It seems to be perfectly and correctly conceded by counsel for appellant that the original trespass, and the right to a recovery therefor, was not extinguished by the condemnation proceeding of 1889. The rule applicable in cases of this character, as declared by this court in *R. R. Co.* v. *Dickson,* 63 Miss., is not controverted by counsel. Said Judge Campbell in that case : " The railroad company was a trespasser in constructing its road upon the land

over which it had not acquired the right of way, but it still had the right to acquire the right of way, unaffected by the liability incurred for its trespass. The trespass committed is not involved in the determination of the due compensation." A careful examination and analysis of this clear and vigorous statement of the principles of law applicable in such cases will do more than enlighten us in considering the case at bar; it will conclusively and convincingly determine the present contention.

(1) The railroad company was a trespasser in constructing its road upon the land over which it had not acquired the right of way; but (2) it had the right, nevertheless, still to acquire a right of way; and (3) such acquisition of the right of way would not affect a liability already incurred by the original trespass; hence, (4) in considering what is due compensation for the right of way, so acquired subsequent to the trespass, the trespass itself is not involved and is not to be considered.

Argumentation is, apparently and really, unnecessary. When the last condemnation proceedings were had, the jury of inquest could only look at the lands as they then found them, and not as they were five years before, when there were no cuts and fills, no road-bed and track, and no consequent injuries to the adjacent realty. The jury of inquest could only determine what injury would be sustained by the land owner by the continuance of the railway over the land as it then was, and could not properly inquire as to what damages the owner of the land had sustained by reason of injuries originally done her adjacent realty. Those injuries had long been done, and the then condemnation involved only a consideration of what the right of way was worth. The condemnation then could only refer to compensation for the loss of the land embraced in the right of way, for no injuries to the land, other than those already done by the original trespass, were to occur. The trespass had been committed, and the injuries resulting therefrom were not involved in the second condemnation. The only compensation the jury of inquest could legally award was that for the right of way, pure and simple, and compensation for subsequent injuries. The original trespass and its resulting injuries were

wholly beyond the domain of that jury's consideration; the liability of the railroad for the trespass had been incurred and was fixed, and could not be affected by the subsequent condemnation, in which it acquired the right of way over the land in its then condition—the condition in which the jury found it when they viewed it.

There is evidence to support the finding of the jury in the court below, and the rulings of the trial judge are not at variance with this opinion.

It may be true, as contended by counsel for appellant, that the jury of inquest, in the second condemnation, gave compensation not alone for the right of way, but for the original trespass and its injuries to the adjacent lands, and that, if this appeal be unsuccessful, the appellant will be required, in effect, to pay twice for the same injuries. If this be so, it is to be regretted, but a reversal by us is impossible without overturning former adjudications and launching out upon an unknown sea.

*Affirmed.*