GULF & SHIP ISLAND RAILROAD CO. *v.* WILLIAM SINGLE-TERRY ET AL.

1. HOMESTEADS. *Husband and wife. Railroads. Right of way. Code 1892, § 1983.*

A deed executed by the husband alone, who is living with his wife, purporting to convey to a railroad a right of way over his homestead, is void under code 1892, § 1983, providing that a conveyance, etc., of the homestead exempt from execution, shall not be valid unless signed by the wife of the owner, if he be married and living with his wife.

2. SAME.

Such a deed is no defense to an action of trespass *quare clausum fregit* by the husband and wife against the railroad for entering and taking the right of way.

FROM the circuit court, first district, of Hinds county.
HON. ROBERT POWELL, Judge.

William Singleterry and his wife, appellees, were plaintiffs in the court below; the railroad company, the appellant, was defendant there. From a judgment in plaintiffs' favor, the

defendant appealed to the supreme court.    The opinion of the
court states the facts.

*Mc Willie & Thompson* and *E. J. Bowers*, for appellant.

Our statute, code 1892, § 1983, without which the validity
of the deed could not be questioned, was designed for the pro-
tection of wives and children.    It was intended to operate upon
such conveyances · and incumbrances of the homestead as in
their usual and ordinary operations will, or are calculated to,
deprive wives and children of a home.    If a conveyance or an
incumbrance does not have that effect and is not calculated to
produce such a result, it is not embraced within the legislative
contemplation.    If a conveyance, such as the one made by
William Singleterry in this case, was calculated to and did en-
hance the value of the homestead, and in no way detract from
its comfort as a home, it is without the statute.    Any convey-
ance by the husband which does not diminish the value of the
homestead or detract from its value as a home, is not to the
prejudice of the wife or children, but frequently, as in this case,
is an advantage to them.    Unless a conveyance be to a wife's
prejudice, it is not within the meaning of the statute, which
was designed for her protection.    The railroad did not prevent
the occupancy of the homestead as such.    Its location and con-
struction rendered the eighty acres the more valuable.

We have direct authority for the proposition that the hus-
band alone, under the operation of a statute identical in legal
effect with ours, can convey a right of way to a railroad com-
pany.    Surely, for a valuable consideration, as well as for the
convenience and comfort of his family, a husband could convey
to a telephone or telegraph company a right to put up and
maintain a wire across the homestead.    He might, by so doing,
add to the value of the homestead and to its comforts and con-
venience.    If he can do this, he can grant a right of way to a
railroad.    But, to cite the direct authorities: *Randall* v. *Texas
Central R. R. Co.*, 63 Texas, 586; *Chicago, etc., R. R. Co.* v.

*Titterrinton*, 84 Texas, 218, s. c. 31 Am. St. Rep., 39; *Engle-hardt* v. *Batta* (Texas Civil Appeals), 31 S. W. Rep., 324; *Ottumwa, etc., R. R. Co.* v. *Swinney*, 38 Iowa, 182; *Allen* v. *Dodson*, 39 Kan., 220.

If the judgment in this case be correct, a husband, although he owns the lands constituting his homestead, and his wife have a mere veto power over its alienation, yet he cannot control it. His sale of firewood, stone, gravel, sand or growing crops from it is void, and he may, after receiving a consideration for the sale of such things, and after inducing purchasers to enter and take, recover the same, or the value, from such purchasers. He could not permit a telephone company to string a wire over the land, no matter how much convenience and value might be added to the home by rapid communication with the balance of the world. Such is not the law, as we respectfully submit. A husband may even lease homestead lands, if the lease does not interrupt or interfere with their use as a homestead. Thompson on Homestead and Exemption, sec. 471; Smythe on Exemptions, sec. 303; *Harkness* v. *Burton*, 39 Iowa, 101; *Coughlin* v. *Coughlin*, 26 Kan., 116; *Franklin Land Co.* v. *Gas Co.*, 43 Kan., 518.

Certainly the deed from the husband was authority to the railroad company to enter the land and build its track. It was a good license to enter and build. His mere verbal assent to do so was a good enough authority to prevent the railroad company from being a trespasser. It would, and the deed did, make the taking permissive and prevented it from being compulsory. How can an action be maintained against a licensee for doing that for which he was licensed, without a revocation of the license? In this case there was no revocation of the license before the suit was begun.

Can this action, the husband's deed being treated as invalid, be maintained for the value of the land taken for a right of way, the plaintiffs not having made or tendered the defendant a valid deed? The land was not compulsorily taken, the

license to enter was never revoked; the first complaint upon plaintiff's part was this suit for the value of the land. The trouble about the matter is the condition in which the defendant is left after paying the recovery. If the judgment appealed from is affirmed, the railroad company will be forced to pay the full value of the land, and will still have no more title thereto than it had when it entered into the premises. If the deed be invalid, the plaintiffs, or rather William Singleterry, could have maintained ejectment (*Illinois, etc., R. R. Co.* v. *LeBlanc*, 74 Miss., 650), and he could have recovered rents, mesne profits, and damages for use and occupation, and damages done to the premises. But how can a plaintiff be entitled to recover the value of the land to which he holds title?

Of course, the action for the value of the land was not a condemnation or an eminent domain proceeding. The court below, however, seems to have treated the suit as if it were such a proceeding. It was not, however, instituted or conducted as such. We know of no Mississippi case which throws light upon the subject. The only case in which the question could even probably have arisen is that of *Copiah County* v. *Lusk*, 77 Miss., 136, and in that case the point was not raised by counsel or considered by the court. We have, however, direct authority for the proposition that appellees cannot recover for the value of the land, they not having tendered a deed, and they could, after collecting the judgment appealed from, maintain ejectment. *Railroad Company* v. *Robbins*, 35 Ohio St. Rep., 531; *Longworth* v. *Cincinnati*, 48 Ohio St., 637, s. c. 29 N. E. Rep., 274.

*W. L. Easterling*, for appellee.

The deed of the husband, William Singleterry, which purports to convey to the railroad company the fee-simple title to a strip of land one hundred feet wide across the homestead lands of plaintiffs, was invalid, absolutely void, and had no effect to invest the railroad company with any right of way,

right of entry, or any other sort of right or interest in the land described in it. Because the land was the homestead of the plaintiffs, upon which they lived together (a fact well known to appellant, as their humble home was in clear sight of the right of way), and could only be alienated or incumbered by the wife joining in the deed with the husband, as provided in § 1983, code of 1892. A right of way is an interest in lands, and can only be conveyed by such a deed. *Bonnelli* v. *Blakemore*, 66 Miss., 136.

A license cannot be coupled with an interest in lands unless created by deed. Therefore rights of way, sales of growing trees, etc., are mere licenses and revocable as such unless created or made by deed. Cooley on Torts (2d ed.), 360; 112 Ill., 384.

An easement is an interest in land, and it only can be granted by a conveyance sufficient to carry a freehold. 10 Am. & Eng. Enc. L. (2d ed.), 410, and authorities cited. And no one who could not convey a fee simple estate can grant an easement, especially permanent easements. *Narron* v. *Wilmington, etc., Ry. Co.*, 40 L. R. A., 415, s. c. 116 N. C., 165; 118 N. C., 244; Wash. on Easements, 40; 136 Ill., 221; 155 Ill., 514; 58 Minn., 128; 26 Mo., 116; 139 N. Y., 19; 53 Pa. St., 206; 94 Tenn., 397.

A conveyance of the right of way to a railroad company is an incumbrance to the land, "a burden on the title," and is within § 1983 of the code of 1892, and the husband cannot, without the consent of the wife, deed to a railroad the right of way across the lands owned by him and occupied by his family as a homestead. The preponderance of authority is against the validity of such a grant by the husband alone. 10 Am. & Eng. Enc. L. (2d ed.), 675; 118 Ala., 554; 43 Kan., 518; 38 Kan., 516; 68 Mich., 602.

This court has distinctly held, with the leading authorities of the United States, that anything which constitutes a burden upon the title is such an incumbrance upon the homestead as is included in our statutory restrictions upon the actions of the

husband alone in dealing with the homestead.   *McKenzie* v.
*Shows*, 70 Miss., 388.

In the French case, 68 Miss., 22, the void condemnation pro-
ceeding was held to be no protection or defense to the action of
the plaintiffs, and the recovery in the second condemnation pro-
ceedings was held not to affect the measure of plaintiff's dam-
ages for the wrongful entry upon the land and the building of
the road there.

Our action was properly brought.   *Rogers* v. *Barnes*, 38 L.
R. A., 145, s.c. 133 Mass., 1.

The wife was a proper party to the suit.   She was in posses-
sion of the land with her husband as their home.   Her rights
were invaded.   15 Am. & Eng. Enc. L., 687.

Argued orally by *R. H. Thompson*, for appellant, and by
*W. L. Easterling*, for appellee.

TERRAL, J., delivered the opinion of the court.

Suit was brought by William and Maria Singleterry for $200
damages for the act of the defendant company in taking and
appropriating as a right of way a strip of land of plaintiffs,
one hundred feet wide and one-half mile long across the east
half of southwest quarter of section 35, township 5, range 1,
east, in Rankin county, and recovery was had for said sum.   At
common law this is a simple action of trespass *quàre clausum
fregit*, and the evidence of the plaintiffs below warranted the
judgments obtained.   The land trespassed upon is the home-
stead of the appellees, and the husband had, in consideration
of one cent, conveyed to the railroad company a right of way
over it.   Our statute, however, requires the signature of the
wife of the owner to validate a conveyance of the homestead or
an incumbrance upon it.   A right of way for a railroad com-
pany is, from its essential nature, an interest in land, and, to
the extent of the land taken, is a direct diminution of the home-
stead.   The statute which inhibits the conveyance of the entire

homestead by the owner, inhibits the conveyance of any part of it; for the whole includes all its parts, otherwise the statute would be rendered ineffective by construction. The legislature has undoubted authority to prescribe what contracts shall convey lands. At common law a title to land was passed by livery of seizin without writing; by the statute of frauds a writing is required to pass an interest in any lands; and by § 1983, code 1892, the joint conveyance of the husband and wife is necessary to pass title to the homestead. Here the conveyance of the husband only was a nullity; it operated nothing. It ran counter to the statute, and the statute, like a tyrant, destroyed it. The statute makes the homestead community property, or clothes it with the incidents of community property, and the signature of the spouse in whom the title is invested without the signature of the other, is inoperative and void. The alleged consent of William Singleterry was not made in conformity with law, and not being so made, it was inoperative and void and constituted no defense to an action by him against the railroad company for its act in entering upon and appropriating his land to its use as a right of way. His separate conveyance being void, the act of the railroad company was a naked trespass.

That the plaintiff had a good cause of action is settled by abundant authority. 2 Lewis on Eminent Domain (2d ed.), sec. 649; 3 Bl. Com., 209; *Canton, etc., R. R. Co.* v. *French,* 68 Miss., 22, s.c. 8 South., 512; *Natchez, etc., R. R. Co.* v. *Currie,* 62 Miss., 506; *Memphis, etc., R. R. Co.* v. *Payne,* 37 Miss., 700; *Copiah County* v. *Lusk,* 77 Miss., 136, s.c. 24 South., 972.

*Affirmed.*