CHARLES J. BOLEN *v.* RICHARD G. LILLY ET AL.

HOMESTEAD. *Conveyance.* *Code* 1892, § 1983. *Non-joinder of wife.* *Warranty.* *Estoppel.*

    The conveyance of a homestead, or any part of it, by the husband while living with his wife without her joining him in the deed, is not valid or binding, under Code 1892, § 1983, so providing, and a warranty clause does not create an estoppel against the maker of the deed, even after the death of his wife.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Bolen, the appellant, was plaintiff, and Lilly and others, appellees, were defendants in the court below. From a judgment in defendants' favor the plaintiff appealed to the supreme court. The action was ejectment. The facts are stated in the opinion of the court.

*R. V. Fletcher,* for appellant.

The land in controversy was part of the homestead. Bolen is not precluded from recovering in this suit. This question is free from difficulty under the repeated decisions of this court. A deed to the homestead without joinder of the wife is void and operates nothing. *Hubbard* v. *Sage Land & Improvement Co.,* 81 Miss., 616.

A conveyance of the homestead without the joinder of the wife is void, and the property descends to the heirs and they may hold the same. *Johnson* v. *Hunt,* 79 Miss., 639.

The non-joinder of the wife renders the deed void, and an action at law may be maintained by the husband, the grantee being but a mere trespasser. *G. & S. I. R. R. Co.* v. *Single-terry,* 78 Miss., 772.

That the parties have removed from the premises makes no difference. The deed has conveyed no estate whatever. *Mc-Kenzie* v. *Shows,* 70 Miss., 388.

That Bolen's wife is dead does not affect appellant's right to recover in ejectment. The cause is determinable by conditions existing when the suit was brought. *Cummings* v. *Busby,* 62 Miss., 195.

See also as to whether the death of the wife affects the question. Thompson on Homesteads and Exemptions, sec. 489; *Martin* v. *Harrington,* 87 Am. St. Rep., 704, and notes. There is no estoppel. *McGhee* v. *Wilson,* 56 Am. St. Rep., 72.

*Fontaine & Fontaine,* for appellees.

The twenty acres of land sued for in this action were not a part of appellant's homestead exemption. The exemptionist has the right to select his homestead exemption, and this not only of land in which he is owner of the fee, but also of a lease-hold estate. *Johnson* v. *Richardson,* 33 Miss., 462; *King* v. *Sturgess,* 56 Miss., 606; *Hinds* v. *Morgan,* 75 Miss., 509. And in land owned in common. *Lewis* v. *White,* 69 Miss., 352. And when no selection has been made, in case the dwelling house

is on a quarter section of land, it does not require that such quarter be allotted as a homestead to the exclusion of an adjoining section. *Wiseman* v. *Parker,* 73 Miss., 378.

Appellant could sell any part of the territory about the place of his home at his will and by his own act, so that he does not trench upon the statutory amount exempted. *Nixon* v. *Hewes,* 80 Miss., 88.

This he did, and at the time of the sale to appellees of this twenty acres of land, and after deducting the amount sold to appellees, he still owned and possessed a larger quantity of land than one hundred and sixty acres, all contiguous, and has all the time continued to own and possess the same. By the act of conveying this land to appellees he selected for his homestead the other land and cannot assert the invalidity of his deed. *Rutherford* v. *Jamieson,* 65 Miss., 219. And he will not be permitted to make a new selection of homestead and embrace therein the land conveyed to appellees. *Richie* v. *Duke,* 70 Miss., 66.

Appellant is estopped by his said deed conveying the land to appellees, and he will not now be permitted after the expiration of nine years to claim that it was part of his homestead, from the facts that it adjoined the land upon which his dwelling house was situated, and that at the time he made the conveyance he did not own the fee in a part of the other land he was possessed of, and to re-select his homestead. The deed is valid and appellant is bound by it.

CALHOON, J., delivered the opinion of the court.

The court peremptorily instructed the jury to find a verdict for the defendants in the state of case we will now set out: Bolen, on December 23, 1893, being a householder and the head of a family, owned in fee simple one hundred and sixty acres of land, in a body, and of less value than $2,000, and had his home upon it with his family. Besides, he owned an undivided one-half interest in eighty acres adjoining and an undivided

one-fifth interest in fifteen acres cornering on it, and a three-year lease of seventy-eight acres adjoining. So he then had, by lease, by undivided interests and in fee, three hundred and thirty-three acres of land, but was sole owner in fee of only one hundred and sixty acres, and on this he lived; and on that day (December 23, 1893) he conveyed by warranty deed twenty acres of this one hundred and sixty to Lilly and others, appellees, and this is the subject of this controversy. After this, and in 1895, Bolen removed from his old home, with his family, to the town of Pontotoc, where his wife, who had refused to join in the deed to Lilly and others, died in 1897. Since her death, Bolen, shortly before the expiration of the statutory bar by limitation, brought this action of ejectment for the twenty acres on the ground that the conveyance was void because of the non-joinder of his wife.

Lilly and others' sole defense to the action is the deed of Bolen, and his partial interest in the adjacent lands, except that they seek to place this case in the category of *Wilson* v. *Gray*, 59 Miss., 525, in which the court held (Cooper, J., dissenting) that a sale of the homestead by the owner, without the joinder of the wife, was valid if made "in order to effect" a change of his residence, pursuant to his previous resolve to make the change. It is needless now to inquire whether that decision, on the facts sought to be proved before the court then, should be applied to the testimony offered and admitted here. There evidence offered and refused to be admitted, and for which refusal there was a reversal, was to the effect that the vendor had used the money of the vendee to purchase a home in Texas, had determined to move there, made the sale for that very purpose, and soon after did move to the Texas home. Here there was simply an offer to prove by Lilly that Bolen told him he was going to move to Pontotoc. In fact, he did not go to Pontotoc until after a year and a half, or more, afterwards, and, in fact, Lilly could not have depended on this, because he made ineffectual efforts to have Mrs. Bolen join in the con-

veyance. But it is useless, as we have said, to contrast the two cases; and this is because there is conflict in the evidence, which a jury only could decide upon, and there was a peremptory instruction. Even Lilly is doubtful as to when Bolen made the statement, and Bolen testifies that he never made it, and that he never thought of moving to Pontotoc until the fall of 1895. If the mere statement of the vendor of a purpose to remove is conclusive, the statute is worthless.

Whatever may be thought or said of the ethics of this action, it is certainly true, as a matter of law, that a conveyance of the homestead, or any part of it, by the owner, without his wife's joinder, is invalid, a void act—goes for nothing—and ejectment lies by the vendor to recover it. That the land was part of the homestead in the case before us, and that it was so regarded by Bolen, by his wife, and by Lilly and others, seems plain from this record. *Hubbard* v. *Improvement Co.,* 81 Miss., 618 (33 South. Rep., 413).

There is no estoppel because the conveyance had a clause of warranty. This would nullify the statute. The whole conveyance is invalid. *Connor* v. *McMurray,* 2 Allen (Mass.), 202; *Doyle* v. *Coburn,* 6 Allen (Mass.), 72.

The land being part of the homestead, as understood by all concerned, we need not consider the lands adjoining, in which Bolen had a part interest or a leasehold; but it would be hardly within the spirit and purpose of the statute to confine the homestead to these, when it was in fact located on the one hundred and sixty acres of sole ownership.

*Reversed and remanded.*