## A. H. WILSON v. THOMAS GRAY.

HOMESTEAD EXEMPTION.  *Conveyance.   Joinder of wife.   Abandonment.*
    An exemptionist who sells his homestead, in order to make a change of
    residence on which he has resolved, and which he afterwards effects,
    can before removal execute a valid conveyance of the property with-
    out his wife joining in the manner prescribed by the statute.   Cooper,
    J., dissented.

APPEAL from the Circuit Court of Montgomery County.

Hon. C. H. CAMPBELL, Judge.

On Jan. 2, 1878, the appellee conveyed two hundred and
twenty-five acres of land to A. H. and J. A. Wilson for the
recited consideration of twenty-five hundred dollars, seven
hundred and seventy-one dollars and forty-eight cents cash,
and the remainder in the note of J. H. Greer.   His wife signed
the conveyance, but the acknowledgment, which with the deed

was written by the appellee, failed to state that she sealed or delivered the instrument.    On June 8, 1881, the appellee brought ejectment for eighty acres of the land against the appellant who pleaded not guilty.    At the trial the plaintiff proved that this eighty acres was the residence of his family, introduced the defective conveyance, and rested.    The defendant then offered to prove that he and his brother had paid the consideration with which the appellee had purchased another residence in Texas, where he now lives with his wife ; that they had determined to move to that State before the deed was executed, and made the sale for this purpose ; and that soon after the conveyance they delivered possession to the appellee and his brother, and left this State.    But the court excluded all evidence of this character, and instructed the jury that, if the appellee was the head of a family and lived on the land in controversy at the time that possession was delivered to the appellant, they should find for the appellee'; and the jury found as directed.

*J. B. H. Hemingway*, for the appellant.

To permit the husband to abandon and sell the homestead without his wife's consent, but deny him the right to sell and abandon it even with her consent, is to pervert the statute restricting his power of disposition.    Thompson on Homesteads, § 483–488 ; *Burson* v. *Dow*, 65 Ill. 146 ; *Shepard* v. *Brewer*, 65 Ill. 383 ; *Brown* v. *Coon*, 36 Ill. 243.    In the case last cited, the homestead was conveyed by the husband, but the deed was defective as to the wife, because it did not purport to convey or release her homestead rights, and it was not properly acknowledged by her.    But they delivered possession to the grantee.    The facts were strikingly similar to the facts of this case.    Even a married woman cannot use her rights in the homestead so as to perpetrate a fraud on the grantee.    *Godfrey* v. *Thornton*, 46 Wis. 677 ; *Norton* v. *Nichols*, 35 Mich. 148 ; *Sharpe* v. *Foy*, L. R. 4 Ch. 35 ; *In re Lush's Trusts*, L. R. 4 Ch. 591.    She may indicate her consent by surrendering possession under a defective conveyance.    *McClary* v. *Bixby*, 36 Vt. 254 ; *Howe* v. *Adams*, 28 Vt. 541 ; *Davis* v. *Andrews*, 30 Vt. 678 ; *Jewett* v. *Brock*, 32 Vt. 65 ; Thompson on Homesteads, § 509.    In *Cobb* v. *Smith*, 88 Ill. 199, a case

in which the conveyance was defective as to the wife, it was decided that it did not matter whether she signed or acknowledged the deed at all, as the husband and wife gave possession to the grantee and took another homestead. The restriction on the disposition of the homestead was not intended to render the deed invalid where the avoidance thereof is not necessary to effectuate the purposes of the statute in preserving the homestead to the family. Even when such deeds are declared to be *void*, that word may be construed to mean only *voidable*. Thompson on Homesteads, § 518, and cases cited.

*Sweatman & Trotter*, for the appellee.

Under the Acts of 1873, p. 78, no conveyance of the homestead by the husband is valid unless the wife joins in such conveyance, and her acknowledgment is taken as in other cases of acknowledgments of married women as provided by Code of 1871, § 2315. This deed was not so acknowledged. The case of *Robinson* v. *Noel*, 49 Miss. 253, is directly in point. The acknowledgment in that case and the one in this are almost identical. In neither did the wife acknowledge that she delivered or sealed the deed. For this reason this court held in the case referred to that the acknowledgment was insufficient and the deed passed no title. We regard this as conclusive.

CAMPBELL, J., delivered the opinion of the court.

The conveyance by Gray, under the circumstances proposed by the appellant to be shown by evidence, was not invalid, although the acknowledgment of it by his wife was defective. If he had resolved to change his residence, and made a sale of his homestead, in order to effect it, and not as a device to evade the legal requirement of his wife's joinder, the fact that it was made before his actual removal from the land did not make invalid the conveyance, which would have been valid if made after the abandonment occurred. The sale of the homestead having been made, in execution of the purpose to abandon it to acquire another residence, and this purpose having been consummated, it is not material that the conveyance, which was one of the steps in the process of the change of residence actually made, preceded by a short time instead of succeeding the final act of abandoning the homestead. The

evidence offered to show Gray's purpose to remove from his residence, and his removal, and all the circumstances attending the conveyance should have been admitted.

*Judgment reversed, and cause remanded.*

Cooper, J., dissenting.

I am unable to concur in the construction of the statute relative to the conveyance of the homestead, adopted by the majority of the court. If an intention to abandon the homestead is equivalent to an abandonment, that in my opinion is an end of the statute; if it is not, then the deed in this case made by the appellee of his homestead was invalid, because not joined in by the wife in the manner prescribed by the statute. I cannot believe that the legislature ever contemplated restricting any other class of owners of homesteads from disposing of them, than those intending to abandon them, for it is not to be presumed that any man will attempt to convey his homestead, unless at the time of making the conveyance he intends to abandon it as a homestead. If the grantor in this case had reconsidered his intention of removing from the premises after the execution of the deed, I do not understand that one of my colleagues would have held the deed good so as to enable the purchaser to evict the seller. So at last it comes to the proposition that it is the subsequent abandonment which gives validity to the conveyance. This is the construction given to a similar statute by the courts of Illinois, to which construction none of us assent. I do not controvert the proposition, that the husband, as the head of the family had the power to fix the domicile, and therefore could without the consent of his wife abandon the homestead, and then make sale of it, but until an actual abandonment, I think the joinder of the wife in the manner prescribed by the statute is necessary to the validity of the conveyance.

Counsel for the appellee then filed a suggestion of error and argument citing, among others, the following authorities: *Taylor* v. *Hargous*, 4 Cal. 268; *Dorsey* v. *McFarland*, 7 Cal. 342; *Guiod* v. *Guiod*, 14 Cal. 506; *Harper* v. *Forbes*, 15 Cal. 202; *Atkinson* v. *Atkinson*, 40 N. H. 249; *Beecher* v. *Baldy*, 7 Mich.

488 ; *Dye* v. *Mann*, 10 Mich. 291 ; *Fisher* v. *Meister*, 24 Mich. 447 ; *Wallace* v. *Harris*, 32 Mich. 380.   But the court did not change its decision.