## M. C. CUMMINGS *v.* J. B. BUSBY AND WIFE.

DEED OF TRUST. *Conveying homestead. Non-joinder of wife. Subsequent removal.*
    The invalidity of a deed of trust on an exempt homestead, resulting from the non-joinder therein of the wife of the owner (§ 1258, Code 1880), cannot be cured by the family's subsequent removal, temporary or permanent, from

such homestead. The conditions existing at the time of the execution of the instrument determine its validity or invalidity, which cannot be affected by subsequent events.

APPEAL from the Circuit Court of Itawamba County.

HON. J. W. BUCHANAN, Judge.

On the 2d of March, 1881, J. B. Busby executed a deed of trust on eighty acres of land to Newman Cayce, as trustee, to secure the payment of a debt which the grantor owed M. C. Cummings. Busby was then a married man, and residing with his family upon the land embraced in the deed of trust as his homestead. His wife did not join in the conveyance. In January, 1882, he moved with his family away from the land referred to.

In February, 1882, the trustee advertised and sold the land, in pursuance of the terms of the deed of trust. It was bought by Cummings.

In August, 1883, Busby and wife brought this action of ejectment to recover the land. At the trial the court excluded the deed of trust from the evidence, on the ground that it was invalid because of the non-joinder of the wife therein. The verdict and judgment were in favor of the plaintiffs, and the defendant appealed.

*Newman Cayce,* for the appellant.

Was the deed of trust absolutely void, or only voidable?

I think the construction given to § 1258, R. C. 1880, in *Wilson v. Gray,* 59 Miss. 525, is manifestly correct. The decision in that case enumerates and establishes the principle that a conveyance by a married man of the homestead, in which the wife does not join, is not necessarily void by reason of the non-joinder of the wife, and as a necessary corollary that such deeds are void or voidable as the circumstances of each case may determine.

The right of the homestead vested in the wife during the life of the husband is a personal privilege, which continues with her until she consents to its being aliened or another homestead is acquired or the same is abandoned. See 1st Washburn on Real Property, § 2 on page 347.

Section 1258, R. C. 1880, only secures to her this privilege until she consents to its alienation or abandons the homestead, and

when she consents to the alienation in the manner given in the statute, or, what is the " same in effect, manifests her consent to releasing or waiving her homestead rights by an abandonment of the home, then this abandonment is as effectual a release of her right as if that release had been by deed duly signed," etc. See *Henderson* v. *Still*, 61 Miss. 391.

*S. M. Taylor*, for the appellees.

The wife did not join her husband, J. B. Busby, in conveying the land in the deed of trust, as required by Code 1880, § 1258, and hence the objection to and exclusion of the deed of trust in the court below.

Of course, the court properly excluded the deed from Cayce to Cummings. If it was right to exclude the deed of trust, and the trust being *void* because the wife *failed* to join the husband in the same, then all conveyances made of the land by virtue of said deed of trust were illegal and void.

I assume the position that nothing that Busby might do or say subsequent to the execution of the deed of trust on his homestead would cure the non-joining of his wife in his attempt to convey the same. He held as good title to the land after as before the execution of the trust-deed. See Thompson on Homesteads and Exemptions, §§ 510, 511, 512, 513, and 514.

The policy of protecting the homestead right is well stated in the case of *Mosely* v. *Anderson*, 40 Miss. 49.

CAMPBELL, C. J., delivered the opinion of the court.

The deed of trust executed by Busby without the joinder of his wife, as required by the statute, was not valid, and its invalidity was not cured by the subsequent removal from the homestead, whether such removal was temporary or permanent. The validity or invalidity of the deed of trust was determinable by the conditions existing when it was executed, and not by what occurred afterward.

*Judgment affirmed.*