RICHARD DUNCAN v. C. C. MOORE ET AL.

1. HOMESTEAD. *Encumbrance. Joint assent of husband and wife.* Code 1880, § 1258.
   Contemporaneous assent of husband and wife, if living together, is essen-
   tial to an encumbrance of the exempt homestead under code 1880, § 1258.
   A trust deed thereon by the husband alone, though he owns the property,
   is void and will not be validated by a subsequent conveyance from the
   wife to the creditor. What would be the effect of such separate convey-
   ance if made by direction or consent of the husband is not decided.

2. CHANCERY. *Cancellation. Complainant must do equity.*
   The owner of a homestead, who, to secure a debt he owes, has given a trust
   deed thereon which is void because not signed by his wife, cannot in
   equity have cancellation without offering to pay the debt.

FROM the chancery court of the first district of Chickasaw county.
HON. BAXTER MCFARLAND, Chancellor.

From the agreed statement it appears that Richard Duncan
owned a homestead upon which he resided with his family, and
gave trust deeds on the same to secure debts to C. C. Moore and
others. His wife did not join in these deeds, but afterwards, about
the time of foreclosure, having the defect in the deeds explained to
her by the creditor, Moore, she executed to him a separate deed to
the land. She was paid a consideration in money for this by said
creditor. The land was worth less than two thousand dollars, and
was exempt.

The trust deeds being foreclosed, Moore became the purchaser and
received a deed to the land in controversy. These are the facts so
far as the defendant Moore is concerned. There were other parties
interested in the trust deeds, but it is unnecessary to make any
statement as to them.

Afterwards the bill in this case was filed by the appellant, Rich-
ard Duncan, who was in possession, and who sought cancellation on
the ground that the attempted encumbrance of the homestead with-
out joinder of his wife was void. No tender of the debt was made.

The other facts necessary to an understanding of the case are
stated in the opinion of the court.

From a decree dismissing the bill the complainant appealed.

*W. G. Orr,* for appellant.

1. The attempted encumbrance of the homestead by the husband, without the joinder of the wife, is void. It is no conveyance, and casts a cloud on the title which a court of equity will remove. Boone on Mortg., §§ 228, 229, note 3 ; *Bank of La.* v. *Lyon,* 52 Miss. 181. Such a conveyance would not take the case out of the statute of frauds. *Johnson* v. *Brook,* 31 Miss. 1.

The deed must be the *joint* act of husband and wife. Boone on Mortg., § 229 ; *Thompson* v. *Sheppard,* 5 So. Rep. 334. See *Rooney* v. *Michael,* 4 Ib. 421 ; *Smith* v. *Pearce,* Ib. 616 ; Thompson on Homesteads, § 474. They must not take two bites at the cherry. A mortgage of the homestead signed by the husband alone is not rendered valid by the subsequent death of the wife. Thompson, § 489. See also *Cummings* v. *Busby,* 62 Miss. 195.

2. It was not necessary to tender payment of the indebtedness ; we do not seek to repudiate the debt, but simply to cancel the invalid incumbrance. *Howell* v. *Bush,* 54 Miss. 437.

The homestead is protected for the benefit of the family on grounds of public policy.

*Miller & Baskin,* for appellee Moore.

1. Appellant's deed is only voidable. If it were void, he would not be entitled to relief, because he does not offer to pay the debt. One who seeks equity must do equity. *Deans* v. *Robertson,* 64 Miss. 197.

2. Though a homestead, the property belonged to appellant. He could convey it, subject to the action of his wife as to its disposition. She is the only person who could in any event complain, and she has parted with her right.

The statute does not provide as to the *time* when the wife's consent is to be given to a conveyance of the homestead. See *Smith* v. *Scherck,* 60 Miss. 491.

While we think the decree ought to be affirmed, because of appellant's failure to make any tender of the debt, we trust that the court will pass upon the effect of the wife's separate deed, as other rights depend upon the settlement of this question.

COOPER, J., delivered the opinion of the court.

We yield to the urgent solicitation of counsel to pass upon both questions presented by this appeal, though the decree might be affirmed upon the single point on which we are advised the bill was dismissed in the court below, viz., that, conceding the invalidity of the conveyance sought to be annulled, the complainant is not of right entitled to the intervention of a court of equity, except upon condition of himself doing equity.

It appears from the record that the complainant being indebted to the defendant Moore executed a deed of trust upon his homestead as security for the debt due, but his wife, who was at the time living with him on said land, did not sign the deed. Afterwards, at the instance of the creditor, and, so far as appears, without the consent of her husband, she executed a separate conveyance to the creditor of her interest in the homestead. The question presented is whether this subsequent deed of the wife is sufficient to give validity to the former invalid encumbrance by the husband.

By the code (§ 1258) it is declared that, "no conveyance, mortgage, deed of trust or other encumbrance upon the homestead, exempted from execution, shall be valid or binding, unless signed by the wife of the owner, if he is married and living with his wife."

There is much force in the argument of defendant's counsel that the statute does not require a joint deed of husband and wife for the conveyance of the husband's homestead, but only that the wife should "sign" the husband's deed to signify her consent to the disposition made by the husband of his property; that the substantial thing is the written evidence of such consent, and that this may be as certainly shown by a separate instrument as by signing the deed of the husband.

The present controversy does not call for a decision of what would be the effect of such separate deed made by the wife under the direction or consent of the husband, and we express no opinion on the subject. We are, however, of opinion that whatever be the form, it is at least essential to show the contemporaneous assent of both husband and wife to the conveyance. To permit the wife, without the knowledge or consent of the husband, to give validity

to an invalid encumbrance or conveyance would be in effect to give
her the power of disposal rather than the veto power provided by
the law.

<em>Decree affirmed.</em>