ALBERT A. JOHNSON *v.* VINCENT L. HUNT ET AL.

1. HOMESTEAD. *Conveyance by husband alone. Code* 1892, § 1983.

Under code 1892, § 1983, regulating sales and encumbrances of homesteads, a deed executed by a husband living with his wife purporting to convey his homestead is not good to convey any interest whatever therein unless it be signed by the wife.

2. SAME. *Vendee of husband. Ejectment. Death of husband.*

The vendee in a deed from a husband living with his wife, which she did not sign, purporting to convey his homestead, cannot maintain ejectment for the lands after the death of the husband against those who claim under his heirs.

FROM the circuit court of, second district, Yallobusha county. HON. Z. M. STEPHENS, Judge.

Johnson, appellant, was plaintiff in the court below; Hunt and others, appellees, were defendants there. The facts are sufficiently stated in the opinion of the court.

*W. A. Roane,* for appellant.

*I. T. Blount,* for appellees.

TERRAL, J., delivered the opinion of the court.

This is an action of ejectment. In 1884 the premises were the homestead of L. Glass and wife, the title being in the husband. On the 17th day of November, 1884, L. Glass conveyed the premises to W. H. Terrell, who subsequently conveyed them to plaintiff, Johnson, who brings this suit. The wife of Glass did not join in the conveyance to Terrell, and they continued to live upon the homestead until the death of both of them, the wife dying last. The appellees are the vendees of Mrs. Glass, who had a verdict in their behalf. We think the verdict was right. By the express provision of § 1983, code 1892, a conveyance of the homestead by the husband is not valid or binding unless signed by the wife. The conveyance by Glass was not signed by his wife, and so was invalid. *Gatti* v. *Supply Co.,* 77 Miss., 754; 27 So. Rep., 601; *Gulf, etc., R. R. Co.* v. *Singleterry,* 78 Miss., 772; 29 So. Rep., 754. Glass and wife continued to reside upon the homestead until the death of Glass, when, under § 1551, code 1892, it descended to Mrs. Glass; and, as the record does not show that Glass left any children, her vendees acquired all her rights in the premises.

*Affirmed.*