81  616
85  348

## THOMAS J. HUBBARD *v.* SAGE LAND AND IMPROVEMENT COMPANY.

EXEMPTIONS.  *Homestead.   Husband and wife.   Release of widow.   Code*
  1892, §1983.

  Under Code 1892, §1983, a deed of trust executed by a husband who
  is living with his wife is void as to the homestead exemption of
  160 acres included therein without the joinder of the wife and his
  widow and children take as tenants in common at his death, and
  a release of all homestead right which the beneficiary in the trust
  deed without further consideration, procures from the widow in
  eighty acres adjoining the eighty acres on which the dwelling is
  situated, is void for all purposes save to fix the character of such
  eighty acres as a part of the homestead.

FROM the chancery court of Covington county.

HON. STONE DEAVOURS, Chancellor.

The appellant was complainant and the appellee defendant
in the court below.   The appellant, Hubbard, filed his bill of
complaint to set aside, as to eighty acres of the land therein
mentioned, a deed of conveyance made by one Z. A. Rogers to
appellee, the Sage Land and Improvement Company, on the fol-
lowing state of facts: One A. D. F. Williamson executed a
deed of trust on his tract of land, containing about 320 acres,
to secure a debt to said Rogers.   Williamson and his wife lived
on the land, and his wife did not sign the trust deed.   He was
entitled under the law to a homestead exemption of 160 acres.
After his death Rogers procured from Williamson's widow, with-
out further consideration, a release of all homestead right in
eighty acres of the land adjoining the eighty acres on which the
dwelling was situated.   All of the land was then sold under the
trust deed except the eighty acres on which the dwelling was
located, and was purchased by Rogers, who afterwards con-
veyed to the appellee.   The appellant, Hubbard, purchased

the four-fifths interest of the children of Williamson in all the land he owned at the time of his death, and the widow released to him her interest in the eighty acres, as to which she had waived her homestead right in consideration of his release of the four-fifths interest he had acquired in the other eighty acres on which the dwelling stood.    The section of the code of 1892, mentioned in the opinion, is as follows:

1983 (1258).    *Wife must join in conveying homestead.*—A conveyance, mortgage, deed of trust, or other incumbrance upon the homestead exempting from execution, shall not be valid or binding unless signed by the wife of the owner, if he be married and living with his wife.

From a final decree dismissing the bill of complaint this appeal was prosecuted.

*J. L. McCaskill,* for appellants.

The deed of trust was void as to the homestead, for want of signature of the grantor's wife, who was living with him at the time.    Code 1892, § 1983.    The alleged waiver by the widow of her homestead claim as to part of the one hundred and sixty acres allowed by law was without consideration and void, but the laying off of such part by Rogers and herself, and describing it in her release as the subject of the waiver fixes its character as homestead property for the purposes of this suit.

*McIntosh Bros.,* for appellee.

The right to select the exempt homestead is personal to the debtor.    Code 1892, §§ 1972 to 1976, inclusive.    In this case no selection was made by the debtor, his widow, or any creditor, and the circumstances under which the appellant, a stranger, seeks to do so are against equity and good conscience.

The allotment contemplated by law would not include the land in suit, which is wild land, for neither a square nor a parallelogram could be formed so as to include it with that on which the house is situated in a tract of one hundred and sixty acres.    Code 1892, § 1975.

TERRAL, J., delivered the opinion of the court.

It has been held that under § 1983, code 1892, a deed of trust upon the homestead, made by the husband owning it in fee, is invalid unless it is contemporaneously joined in by the wife. Williamson, without the joinder of his wife, executed a deed of trust upon all his lands, including his homestead, to Speed, to secure Rogers a debt due to him. Before this deed of trust was foreclosed, Williamson died, whereupon Rogers released his incumbrance upon eighty acres of it for a homestead, and induced Mrs. Williamson, without further consideration, to waive the right of homestead exemption in the west one-half of the northwest one-quarter of section 29, township 9, range 16, the land here in dispute. The attempt of Rogers to secure, and of Mrs. Williamson to make waiver of her homestead exemption in this particular parcel of land, served to fix it as a part of the homestead exemption. The conveyance of it by Williamson alone by deed of trust was invalid, and operated nothing. It conferred no right, legal or equitable, to Speed, as trustee for Rogers. It was a void act as to the homestead, and events have fixed the lands here in controversy as a part of the homestead, and hence it is in law a part of the homestead. Upon Williamson's death, the homestead descended to his heirs, his widow and children, in equal parts. *Railroad Co.* v. *Singleterry*, 78 Miss., 772 (29 South., 754); *Duncan* v. *Moore*, 67 Miss., 136–138 (7 South., 221). The decision of the court below is not in harmony with this view of the law, and it is reversed and the case remanded.

*Reversed and remanded.*