CHRISTIANA HOWELL ET AL. v. WILLIAM HILL ET AL.

## [48 South. 177.]

1. HOMESTEADS. *Husband's conveyance. Joinder of wife. Code* 1892, § 1983.

A deed to the husband's homestead is not invalid, under Code 1892, § 1983, providing that the husband's deed therefor shall not be valid unless the wife join in its execution if she be living with him, where the husband and wife each executed it, with the knowledge and consent of the other, although they did not exe-cute it at the same time.

2. DEEDS. *Vendor's lien debt. Junior grantee. Code* 1892, § 2444. *Right or estate in land.*

A purchase money debt for land, secured by a vendor's lien, does not pass to a subsequent grantee in a second warranty deed for the same land, executed by the grantor in the first one, the case

not being within Code 1892, § 2444, providing that where a grantor does not own the entire estate which he purports to convey his deed shall nevertheless invest the grantee with whatever "right or estate" he may have had in the lands.

FROM the chancery court of, first district, Yalobusha county. HON. ISAAC T. BLOUNT, Chancellor.

Hill and another, appellees, were complainants in the court below: Mrs. Howell and others, appellees, were defendants there. From a decree in complainants' favor defendants appealed to the supreme court.

The land in controversy was the homestead of Elijah Bardwell who with his wife was living thereon in September 1904. During that month, in consideration of $400, wholly on credit, he signed and acknowledged a deed conveying the same to his son, William W. Bardwell, the father having a lien to secure the purchase money. The deed not having been previously executed by the grantor's wife, she, in May, 1905, signed and acknowledged the same. Each of the grantors, the husband and wife, signed and acknowledged the deed by the consent of the other and the deed, so signed, was delivered and properly recorded.

Afterwards, in the autumn of 1905, the grantee therein, William W. Bardwell, not having paid any part of the purchase money for the lands, gave the deed back to his father, Elijah Bardwell, and appellants contended that this was done in the belief that its return amounted to a reconveyance of the land from William W. Bardwell to Elijah Bardwell but appellees denied any such intent on William W. Bardwell's part. In February, 1906, Elijah Bardwell and wife executed and delivered a deed of gift on its face conveying the land to Howell and wife, appellants, and under this deed, duly recorded in September, 1906, they claimed the lands in suit. In 1907, William W. Bardwell, for $400 cash, sold and conveyed the land to Hill and others, appellees, who afterwards brought this suit to cancel defendants' claims of title and to recover possession of the land.

The defendants, Howell and wife, appellants, insisted that the deed from Elijah Bardwell and wife to William W. Bardwell was void, because as they claimed it lacked the contemporaneous assent and concurrence of the grantors, husband and wife, to its execution as required, by Code 1892, § 1983, providing that a husband's conveyance of his homestead shall not be valid unless signed by the wife of the owner, and they contended that the statute required that the husband and wife should contemporaneously execute the deed. They urged next, even if the last mentioned deed was valid, appellees were estopped to assert title against appellants because of full knowledge and notice of the true facts of the case that the return of the deed to Elijah Bardwell was intended as a reconveyance, and they further contended that under their deed from Elijah Bardwell and wife they took at least the interest of their grantors in the land—that is a claim for $400 unpaid purchase money, and therefore, had a claim and lien on the land for this unpaid purchase price, since all parties to the suit were fully acquainted with the fact that the purchase money had never been paid, and they made their answer a cross-bill, propounding this claim. They base their last contention on Code 1892, § 2444, which is as follows:

"All alienations and warranties of lands purporting to convey or pass a greater estate than the grantor may lawfully convey or pass, shall operate as alienations or warranties of so much of the right and estate in such lands as the grantor could lawfully convey, but shall not pass or bar the right to the residue of the estate purporting to be conveyed; nor shall the alienation of any particular estate on which a remainder may depend, whether such alienation be by will or other writing, nor the union of such particular estate with the inheritance, by purchase or by descent, so operate, by merger or otherwise, as to defeat, impair, or in any way affect such remainder."

*Creekmore & Stone,* for appellants.

The deed from Elijah Bardwell and wife, the common source

of title, to William W. Bardwell, is void on account of the land being a homestead, and the deed not showing contemporaneous assent of husband and wife in its execution; the deed was signed by Elijah Bardwell on September 29, 1904, and by his wife, Elizabeth Bardwell, on May 27, 1905. There are two certificates of acknowledgment; one by the husband on September 29, 1904, the other on May 27, 1905. The deed was void on its face, being squarely in violation of the provisions of our statute regarding conveyances of the homestead. In order to meet this objection, however, the appellees were allowed at the trial to introduce the testimony of Elizabeth Bardwell, who, by the use of many adjectives, and of language that would have done credit to a seasoned lawyer, tells that at the time of her signing and acknowledging the deed in Louisiana, her husband was not only present, but was urgent in the request that she execute the deed. *Duncan v. Moore,* 67 Miss. 136, 7 South. 221; *Hubbard v. Sage Land & Improvement Co.,* 81 Miss. 616, 33 South. 413; *Cummings v. Busby,* 62 Miss. 195; *Gulf, etc., R. Co. v. Singleterry,* 78 Miss. 772, 29 South. 754; *McDonald v. Sanford,* 41 South. 370.

The appellees knew when they obtained the deed from William W. Bardwell, just before the commencement of this suit, the following facts:

First, that William W. Bardwell had not paid any part of the purchase price of the land.

Second, that William W. Bardwell had delivered back to his grantors, Elijah Bardwell and wife, the deed they had executed to him, in an effort to rescind the whole land trade.

Third, that Elijah Bardwell and wife, thinking that they had regained the title to their land, had in good faith conveyed the land to Howell and wife, appellants, and the parties to the said deed had in good faith lived up to the obligations assumed in the said land trade, for more than twelve months. *Kelly v. Wagner,* 61 Miss. 299.

Even if the deed from Elijah Bardwell and wife to William

W. Bardwell was valid, and they therefore in February, 1906, at the time they made the deed to appellants, had, not the legal title, but only a claim for unpaid purchase money, then certainly Howell and wife took this by the deed made to them.    Code 1892, § 2444.

A statute at once so plain in its terms, and so just in its operation, is not apt to be brought frequently before the courts for interpretation.    We refer to the case of *Archer v. Yazoo, etc., R. Co.,* 82 Miss. 110, 34 South. 387, as having some application, but we consider it unnecessary to go beyond the words of the statute.

*A. T. Smith,* for appellees.

1. The execution of the deed by Elijah and Elizabeth Bardwell was one continuous act, till completed by the signing of the wife with the assent and request of the husband.    *Duncan v. Moore,* 67 Miss. 136, 7 South. 221.

2. The subsequent pretended deed from Elijah and Elizabeth Bardwell to appellants was void, for the reason that the title to said land was in William W. Bardwell, and said deed passed no interest whatever.

3. The deed to appellees from William W. Bardwell passed all title and interest to said land to said appellees.

4. No principle of law will sustain the answer or cross bill of appellants.    "Equity follows law" and courts will not make law to adjust a mere equity, in order to relieve parties from their blunders or mistakes.    The mistakes mentioned cannot be pleaded to make out a case for appellants.

5. The evidence of appellants fails to make a legal defense, first, because the same is not sustained by law, second, because the evidence is weak and contradictory.    The evidence fails to connect William W. Bardwell, the vendor, with conversations mentioned, and his vendees are protected.    *Murdock v. Columbus Insurance Co.,* 59 Miss. 159.

Appellants are contradicted, as to conversations at Hill's

house by the depositions of Elizabeth Bardwell and Alice Hill and Vera Hill, taken while the case was under advisement, same being taken by agreement and leave of the chancellor and court. On cross-examination, appellant, Christiana Howell, contradicts her previous statement and admits that nothing was said about any land being deeded, in the conversation mentioned.

6. The $400 debt due by William W. Bardwell to Elizabeth Bardwell and the estate of Elijah Bardwell did not pass to appellants. The claim was not assigned to appellants and the courts cannot assign the same. That is for the administrator or heirs at law of Elijah Bardwell and for Elizabeth Bardwell to look after, as well as for the creditors of Elijah and Elizabeth. Appellants cannot assert that claim. The deed to appellants was for "love and affection."

There is no fixed amount due them for anything done by them. Courts cannot fix what they failed to fix or prove.

7. Code 1906, § 2774, can have no further effect than to subject the land to the purchase money, if any, at the suit of the heirs at law. *Kelly v. Wagner,* 61 Miss. 299, cited by appellants is not relevant to the facts of this case. Appellants' brief is unwarranted.

FLETCHER, J., delivered the opinion of the court.

While it is true that the husband signed and acknowledged the deed conveying the homestead in September, and the wife's signature and acknowledgment bear date of the May following, yet both signed the same instrument in furtherance of an intention to which there was manifestly a common and contemporaneous assent. The case is totally unlike *Duncan v. Moore,* 67 Miss. 136, 7 South. 221, in which case the alleged assent of the wife was evidenced by a separate deed of conveyance, executed by the wife subsequently to the husband's deed, and made without the husband's consent. In the case before us the wife signed with full knowledge and consent of the husband, and this is surely sufficient.

Upon the point made as to the conveyance from Bardwell to Howell operating as an assignment to Howell of Bardwell's lien for the unpaid purchase money, we think it is clear that section 2444 of the Annotated Code of 1892 is without application. That statute deals with an estate in lands, and the right which a vendor has to subject the land sold to the payment of the purchase money is not such a "right or estate in the lands" as this staute contemplates. This debt goes to the personal representative of the deceased vendor, and not to the junior grantee of the lands.

There being no satisfactory evidence of estoppel, the legal title must prevail, and it is clearly shown to be in the appellees.

*Affirmed.*