HUGHES, et al. *v.* HAHN, et al.

In Banc. June 12, 1950.

No. 37511 (46 So. (2d) 587)

Stone & Stone, for appellants.

Jno. S. Throop, Jr., for appellees.

**McGehee, C. J.**

On the 24th day of October, 1942, and long prior thereto, one John Brassel owed a tract of approximately 220 acres of farm land in Yalobusha County, whereon he resided with his wife as a homestead. However, it does not appear that he had ever selected any particular 160 acres thereof as his homestead or made a declaration in regard thereto.

On the date aforesaid he executed and delivered to his daughter, the appellee Mrs. Georgia Lillian A. Hahn, of the State of Colorado, for a consideration of one dollar and natural love and affection, a warranty deed to all of the said land. The grantee recorded her deed, and paid the taxes on the land from year to year, but did not otherwise take possession of the land or use the same, and the dwelling house was torn down and removed therefrom without her knowledge or consent, she having remained in Colorado. The wife of the grantor did not join in the execution of this deed of conveyance until October 4, 1948, after the grantor John Brassel had died on April 1, 1948. She then signed the original deed underneath the signature of John Brassel, her deceased husband, and thereupon caused to be appended thereto a separate acknowledgment which was taken before a different officer than the one before whom it had been formerly signed and acknowledged by the husband. This was subsequent to the filing of this suit on August 31, 1948.

At the time of the execution of the deed from John Brassel in favor of his daughter, who is now Mrs. Hahn, the said grantor had five other children by a former marriage, including the appellants Mrs. Mary Brassel Hughes and Walter Brassel, and all of whom were adults and still living at the time of the death of their father John Brassel on April 1, 1948. The bill of complaint herein was filed by the appellants, asking for a partition of the entire tract of land by a sale thereof and a division of the proceeds therefrom, it being alleged that the land was not

susceptible of an equitable partition in kind. The wife of the grantor John Brassel, and all the children, other than complainants, were made defendants to the suit.

After the filing of this suit all of the co-defendants of the appellee Mrs. Hahn conveyed to her by quitclaim deed whatever interests they had in the land as heirs at law of John Brassel, deceased. All of these quitclaim deeds were made exhibits to the answer of the defendants, together with the deed executed by John Brassel on October 24, 1942, which was signed and acknowledged by his wife on October 4, 1948, as aforesaid.

This suit for partition is predicated on the following contentions, to wit: That the deed executed by John Brassel in favor of his daughter at a time when he and his wife were living on the land as a homestead, and without her signature thereto, was void; that, therefore, the grantor therein still owned the land on April 1, 1948, when he died; that thereupon the complainants and the defendants became tenants in common of said land; and that the rights of the complainants having intervened prior to the signing and acknowledgment of the deed by the wife on October 4, 1948, after the husband's death and after the filing of this suit, her execution of the conveyance did not relate back to its original execution by the husband, but amounted to nothing.

██ Of course, the deed from John Brassel to his daughter in 1942 would be good in any event as to the portion of the land in excess of 160 acres which may have constituted his homestead. But as to whether or not it would be good as to this remaining 160 acres without the signature of his wife depends entirely on whether the decision in the case of Wilson v. Gray, 59 Miss. 525, is controlling under the facts of the instant case. For this reason, and because of the importance of the legal question presented, we have set forth in this opinion all of the foregoing facts, and we now mention the further circumstances that the trial court found on sufficient evidence that at the time John Brassel executed the deed

in favor of his daughter on October 24, 1942, he and his wife had then already determined to move away from the land and go into Montgomery County, where within two weeks thereafter they did go to live with some of her relatives, due to the fact that the husband was then an invalid and they did not care to remain alone on the homestead in Yalobusha County, after the youngest son had been called into the military services shortly before the execution of the said deed by the husband.

And it also appears from the evidence that the wife was willing to join her husband in the execution of the deed to her said stepdaughter, and that her failure to do so was due to the fact that she was sick and unable to go to the town of Coffeeville where the deed was executed and acknowledged by him.

In the case of Wilson v. Gray, supra, it was held that an exemptionist who sells his homestead, in order to make a change of residence, and which he afterwards effects, can before removal execute a valid conveyance of the property without his wife joining in the manner prescribed by the statute. The deed in that case was executed by the husband on January 2, 1878. The wife joined the husband in the signing of the deed, but her acknowledgment thereto was defective in that it did not comply with Section 2315, Code 1871. Moreover, the grantees A. H. and J. A. Wilson paid a consideration of $2,500 in that case for the homestead, and the husband and wife thereupon did actually acquire another homestead in Texas, pursuant to their original purpose, and used the consideration received by the husband from the Wilsons to pay the purchase price thereof. The Court held: ''The sale of the homestead having been made, in execution of the purpose to abandon it to acquire another residence, and this purpose having been consummated, it was not material that the conveyance, which was one of the steps in the change of residence actually made, preceded by a short time instead of succeeding the final act of abandoning the homestead.'' The court further

held that "the evidence offered to show Gray's purpose to remove from his residence, and his removal, and all the circumstances attending the conveyance should have been admitted." Because of the exclusion of such evidence by the trial court the cause was reversed and remanded.

No similar decision has ever been rendered by his Court and Mr. Justice Cooper dissented from the decision in that case and said that "if an intention to abandon the homestead is equivalent to an abandonment, that in my opinion is an end of the statute; . . .". But, be that as it may, we are of the opinion that under the facts and circumstances of that case the decision is not controlling in the instant case; and for the further reason that under a long line of decisions rendered by this Court since that time a deed by the husband which attempts to convey away the homestead without the joinder of the wife in the execution of the conveyance, is null and void. Such a conveyance is void as to both the husband and wife. And Section 330, Code of 1942, expressly provides that a conveyance of the homestead shall not be valid or binding unless signed by the wife of the owner, if he be married and living with his wife. The statute controls except as to an encumbrance to secure the payment of the purchase price of the homestead, and except as to a prior covenant or encumbrance executed by the husband while single, or a deed given in pursuance of the prior covenant after marriage and occupancy as a homestead. Smith v. Smith, 193 Miss. 201, 8 So. (2d) 461.

Moreover, it was held in Cummings v. Busby et ux., 62 Miss. 195, that the invalidity of a deed of trust on an exempt homestead, resulting from the nonjoinder therein of the wife of the owner, cannot be cured by the family's subsequent removal, temporary or permanent, from such homestead; that is to say, the conditions existing at the time of the execution of the instrument determine its validity or invalidity, which cannot be affected by subsequent events.

It is true that under the decision in the case of Howell et al. v. Hill et al., 94 Miss. 566, 48 So. 177, a deed to the husband's homestead is not invalid where the husband and wife each executed it, *with the knowledge and consent of the other,* although they did not execute it at the same time. In that case the husband signed and acknowledged the deed in September and the wife signed and acknowledged the same during the following May, but when she signed it she did so with the full knowledge and consent of the husband.

In the instant case the husband had been dead for several months at the time the wife joined in the conveyance, and he could not, therefore, have consented to her subsequent execution of the same. When he died on April 1, 1948, he was the absolute owner of the land in question, because of the invalidity of his former deed of conveyance thereof without the signature of his wife, and therefore, the rights of the complainants in the present case had intervened long prior to her signing and acknowledging the deed. This fact distinguishes Howell v. Hill from the case at bar. Even though the wife of John Brassel may have been willing that the homestead be sold on October 24, 1942, the time at which the contemporaneous assent of the husband and wife must exist is the time when the deed is finally executed by her joinder therein. In other words, the deed is void as to the owner of the homestead who has executed a deed to the same until the other spouse joins therein with the contemporaneous assent of both. Consequently, there can be no joinder by the wife in the execution of a conveyance of the homestead by the husband unless she executes the conveyance during his lifetime, and with his consent.

Then, too, in Wilson v. Gray, supra, the husband intended to, and did, acquire another homestead for himself and wife, under his right to select a homestead and place of abode, whereas in the instant case there is no proof that at the time John Brassel exe-

cuted this deed to the homestead in favor of his daughter, he intended to, or ever did, acquire another homestead for her in its place, but he sold the homestead to go and live with her among her relatives during the remaining years of his life as an invalid. However, we do not base our decision in this case on that particular ground, but prefer to place it on the ground that she did not attempt to execute the deed until after the rights of the complainants had intervened at the death of her husband.

It is likewise true, as contended by the appellee, that the wife has a mere veto power on the sale of the husband's homestead and not a property right, subject to bargain and sale. Nevertheless, the statute declares that the conveyance shall not be valid or binding unless signed by the wife of the owner if he be married and living with his wife.

In the case of Hubbard v. Sage Land and Improvement Company, 81 Miss. 616, 33 So. 413, the Court held that a deed of trust executed by a husband who is living with his wife was void as to the homestead of 160 acres without the joinder of his wife, and his widow and children take as tenants in common at his death. In that case, the Court held that such a conveyance made by the husband who owns the land in fee, "is invalid unless it is contemporaneously joined in by the wife. . . . The conveyance of it by Williamson (the husband) alone by deed of trust was invalid, and operated nothing. It conferred no right, legal or equitable, to Speed, as trustee for Rogers. It was a void act as to the homestead, . . . . Upon Williamson's death the homestead descended to his heirs, his widow and children, in equal parts."

In the case of Gulf & S. I. R. Co. v. Singleterry et al., 78 Miss. 772, 29 So. 754, 755, it was held that a deed executed by the husband alone, who is living with his wife, purporting to convey to the railroad a right-of-way over his homestead, is void, and the Court in its opinion said; "Here the conveyance of the husband only was a nullity. It operated nothing. It ran counter to the statute, and

the statute, like a tyrant, destroyed it. The statute makes the homestead community property, or clothes it with the incidents of community property; and the signature of the spouse in whom the title is invested, without the signature of the other, is inoperative and void. The alleged consent of William Singleterry was not made in conformity with law, and, not being so made, it was inoperative and void, and constituted no defense to an action by him against the railroad company for its act in entering upon and appropriating his land to its use as a right of way. His separate conveyance being void, the act of the railroad company was a naked trespass."

Compare the case of Johnson v. Hunt, et al., 79 Miss. 639, 31 So. 205.

 It follows from the decision in the Singleterry case that John Brassel was the fee-simple owner of the land involved in the instant case at the time of his death, and that the title thereof descended to his heirs-at-law as tenants in common.

We are therefore of the opinion that the decree of the trial court in dismissing the bill for partition was erroneous as to 160 acres of the land, and that the cause should be reversed and remanded in order that it may be determined what portion of the land should be set apart as the homestead and subject to partition, and whether there should be a partition thereof in kind or a sale of the land for a division of the proceeds, two-sevenths to the appellants and five-sevenths to the appellee, Mrs. Georgia Lillian Austin Hahn, and in order that any equities between the said parties may be adjusted under a decree in that behalf.

Reversed and remanded.