249 So.2d 371 (1971)
Bettie Joe HUDSON, Complainant/Appellant,
v.
BANK OF LEAKESVILLE, Defendant/Appellee.
No. 46270.
Supreme Court of Mississippi.
June 14, 1971.
Horton Hillman, Leakesville, for complainant-appellant.
Curtis Breland, Leakesville, James W. Backstrom, Lucedale, for defendant-appellee.
PATTERSON, Justice:
This cause arises from the Chancery Court of Greene County. The decree entered there dissolved a temporary injunction enjoining the foreclosure of a deed of trust. Bettie Joe Hudson, a cosigner of the note and deed of trust, appeals.
On February 6, 1968, Earnest Hudson and Bettie Joe Hudson, his wife, borrowed $1462.32 from the Bank of Leakesville. They executed a promissory note for that amount repayable in thirty-six monthly installments of $40.62 each and secured it by granting a deed of trust on their homestead property. On October 17, 1968, Earnest and Bettie Joe Hudson were divorced.
In May 1968, prior to the divorce, Earnest Hudson bought a power saw from the Leakesville Hardware Company and *372 executed a conditional sales contract therefor. The sales contract was executed by Earnest Hudson alone, his wife having no knowledge of the transaction.
The sales contract was purchased by the bank at discount from the hardware company. Thereafter, the amount due thereon being in arrears, Earnest Hudson executed a thirty-day note to the bank on January 11, 1969, for $414.04. The proceeds were used to bring the sales contract current and on February 11, 1969, this note was renewed. The note of February 11, 1969, was combined by the bank with the original note of Hudson and his wife of February 6, 1968, and the total of the two, $1373.21, was sought to be recovered by a foreclosure of the deed of trust.
The appellant, the owner of the homestead property, obtained a temporary injunction restraining the foreclosure sale. At the subsequent trial on the bank's motion to dissolve, the court entered its decree dissolving the injunction, finding the appellant indebted to the appellee in the sum of $1373.21, secured by the deed of trust, an accrued attorney's fee of $205.98, and a statutory penalty of $68.66, being five percent of the amount due and imposed because of the wrongful suing out of the injunction, a total indebtedness of $1647.85.
Mrs. Hudson contends on appeal that the court erred in permitting the conditional sales contract made by her husband to a third party to come within the security afforded by the deed of trust through its advance indebtedness or "dragnet" clause since it was an encumbrance upon the homestead and not being signed by her, was void. She also contends that the sales contract to a third party should not have been included in the amount subject to foreclosure for the reason the "dragnet" clause applies only to debts between the parties to the deed of trust and cannot be expanded to include the debts of the grantors, or either of them, to a third party. After consideration of the record and the authorities, we reverse.
The appellee relies primarily upon Holland v. Bank of Lucedale, 204 So.2d 875 (Miss. 1967) and Walters v. Merchants & Manufacturers Bank of Ellisville, 218 Miss. 777, 67 So.2d 714 (1953), in support of its contention that the "dragnet" clause of the deed of trust has sufficient sweep to bring within its security the indebtedness due for the power saw. The Holland case is immediately distinguished since it relates to an indebtedness between the grantors and the beneficiary of notes and a deed of trust. It does not include an indebtedness which originated with a third party and apparently, since no mention is made of it, the question of homestead was not injected into the suit. We think it inapplicable for these reasons.
In Walters the complainant sought to reform a deed of trust upon homestead property and to foreclosure it. At first blush the case appears to authorize a subsequent encumbrance upon the homestead property of the parties under the dragnet clause without the signature of both parties. However, a study of it reveals that the homestead issue was not there decided. The appellants' claims were based upon the contention that the lands of the appellants were not included in the deed of trust, that the deed of trust was not acknowledged by the wife, and that the deed of trust was void because the appellant signed it in blank, the description of the property being inserted at a later time. With these issues presented the Court determined the principal question to be whether under the "dragnet" clause "any and all debts that the said grantors or either of them may incur with or owe to the said beneficiary * *" could be construed to extend to the individual indebtedness of one of them subsequently created. We stated:
Where the clause is broad enough to cover subsequent debts of one of joint mortgagors, the dragnet clause is generally construed so as to extend the security of the mortgage executed by joint mortgagors to the individual indebtedness of one of them afterward created. *373 * * * (218 Miss. at 784, 67 So.2d at 717).
* * * * * *
The parties clearly agreed that it would secure debts incurred by both of them and by either of them. No fraud is shown, and under the contract and the decisions we must enforce the provision as written. Limitations if any upon the use of that clause must stem from the Legislature and not from this Court. (218 Miss. at 785, 67 So.2d at 718).
We conclude, from the issues presented and the question acknowledged by the Court to be before it, that Walters was not decided upon the theory of an increased encumbrance of the homestead by one of the parties, and that this question remains undecided by any decision of this Court.
Mississippi Code 1942 Annotated section 330 (1956), provides in part as follows:
A conveyance, mortgage, deed of trust or other encumbrance upon the homestead exempted from execution shall not be valid or binding unless signed by the wife of the owner if he be married and living with his wife. * * * (Emphasis added).
As recently as Grantham v. Ralle, 248 Miss. 364, 375, 158 So.2d 719, 724 (1963), we reiterated the purpose of the homestead provisions:
It is to be noted that these homestead provisions first were listed in the Code of 1880 primarily as a protection for the wife in lieu of dower which had been abolished by statute. The basic purpose was, of course, to prevent her husband from conveying or encumbering the homestead without the consent of his wife, and the effect was to avoid any attempt to so convey the homestead.
The question presented to the Court is whether an indebtedness secured by a deed of trust executed by a husband and wife upon homestead property can be enlarged or further encumbered by the individual action of either of the spouses without the knowledge or consent of the other. If this question can be answered in the affirmative, the authority for doing so must stem from the "dragnet" clause of the deed of trust which is as follows:
WHEREAS, the said grantor desires to secure the prompt payment at maturity of the aforesaid indebtedness, as well as any extension of the same, or any part thereof, and any other or further indebtedness in the way of future advances hereunder, or otherwise, that the grantor, or either of them, may now or hereafter owe the beneficiary, as hereinafter provided: * * *.
* * * * * *
First. In addition to the indebtedness specifically mentioned above, and any and all extensions or renewals of the same, or any part thereof, this conveyance shall also cover such future and additional advances as may be made to the grantor, or either of them, by the beneficiary, not to exceed the sum of $125,000.00, the beneficiary to be the sole judge as to whether or not such future and additional advances shall be made. In addition to all of the above, it is intended that this conveyance shall secure, and it does secure any and all debts, obligations, or liabilities, direct or contingent, of the grantor herein, or either of them, to the beneficiary, whether now existing or hereafter arising at any time before actual cancellation of this instrument on the public records of mortgages and deeds of trust, whether the same be evidenced by note, open account, over-draft, endorsement, guaranty or otherwise.
By our authorities these clauses must be liberally construed in favor of the exemptionist. Biggs v. Roberts, 237 Miss. 406, 115 So.2d 151 (1959); Gardner v. Cook, 173 Miss. 244, 158 So. 150 (1934).
It is well established that a conveyance or encumbrance of homestead property is void unless at the time of execution *374 there is the contemporaneous assent of the husband and wife and that the conditions existing at the time determine its validity or invalidity. In Hughes v. Hahn, 209 Miss. 293, 299, 46 So.2d 587, 590 (1950), we stated:
* * * Even though the wife of John Brassel may have been willing that the homestead be sold on October 24, 1942, the time at which the contemporaneous assent of the husband and wife must exist is the time when the deed is finally executed by her joinder therein. * * *
See also Howell v. Hill, 94 Miss. 566, 48 So. 177 (1909); Hubbard v. Sage Land and Improvement Co., 81 Miss. 616, 33 So. 413 (1903); Gulf & S.I.R. Co. v. Singletery, 78 Miss. 772, 29 So. 754 (1901); and Duncan v. Moore, 67 Miss. 136, 7 So. 221 (1890).
The record reflects that the appellant had no knowledge of the conditional sales contract for the purchase of the power saw nor of the subsequent renewal notes made to the bank after the contract was assigned to it. In fact, she was divorced prior to the execution of the renewal notes. We think it illogical to conclude that either of these transactions, the execution of a conditional sales contract or the renewal notes, signifies the contemporaneous assent of the wife as required by the above authorities for encumbering the homestead.
It is contended, however, that the language of the "dragnet" clause, "any other or further indebtedness in the way of future advances hereunder, or otherwise, that the grantor, or either of them, may now or hereafter owe the beneficiary * * *" assented to by both grantors in the trust deed, is sufficiently broad and clear in its terms to secure the indebtedness of one of the grantors subsequently made to a third party. We are of the opinion that it is not. A majority of the states hold, and we find no Mississippi case in point, that the "dragnet" clause of a deed of trust or mortgage does not extend to debts purchased or otherwise acquired by a mortgagee from third parties against a mortgagor. 172 A.L.R. 1079, 1091-1096 (1948). We are of the opinion that the better and majority rule is pronounced in Wood v. Parker Square State Bank, 400 S.W.2d 898, 899 (Tex. 1966), with regard to the construction of a "dragnet" clause expressed in these terms:
"And this conveyance is made for the security and enforcement of the payment of said indebtedness and also to secure the payment of any and all other sums of money which may be advanced for or loaned to grantors by the beneficiary, his heirs or assigns."
The Court stated, in rejecting security for the third party indebtednesses:
* * * [It] was not contemplated or meant that the mortgagee could buy up third party debts which after the purchase would be secured by the mortgage; and that a mortgagee buying up claims held against his mortgagor by third persons cannot have them embraced in, and secured by, his mortgage, or included in the foreclosure decree, unless the language of the instrument provides in the clearest and most unmistakable terms for their inclusion, and unless such stipulation was expressly called to the mortgagor's attention and he assented thereto. These policy expressions are basically sound. (400 S.W.2d at 902). (Emphasis added.)
The term "in the way of future advances hereunder, or otherwise" used in the present trust deed is not sufficiently clear or in such unmistakable terms as to include the indebtedness made to the Leakesville Hardware Company. This is particularly so, we think, when it is considered that the enlargement of the security afforded is a direct diminution of the homestead and as such is subject to a liberal construction in favor of the exemptionist both as to common assent necessary for encumbering the homestead property and specificity of terms necessary to further encumber.
*375 Giving consideration to the standards expressed we are of the opinion that the court erred in dissolving the injunction. The case is reversed and remanded for an accounting, but not to include the five percent penalty.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.