ROBERTSON, Justice, for the Court:
Morgan S. Gilmer appeals from the decree of the Chancery Court of Jackson County dismissing his amended bill of complaint against Elizabeth Gilmer Freeman and her husband Arthur L. Freeman.
Complainant prayed in his amended bill of complaint that a warranty deed executed by his mother, Mrs. Palma Morgan Gilmer, on April 4, 1968, conveying the homestead property in Pascagoula, Mississippi, to his sister, Mrs. Elizabeth Gilmer Freeman, be set aside and declared null and void because it was executed by his mother alone at a time when she and her husband, Rev. Luther S. Gilmer, were living on the property as their home.
Palma Morgan Gilmer died on September 20, 1968. Her husband, Rev. Luther S. Gil-mer, continued to live in the home until March 14, 1971, the day before he remarried.
On October 15, 1968, Mrs. Elizabeth Gil-mer Freeman conveyed, by quitclaim deed, the homestead property to her lawyer, C. W. Ford. On November 22, 1968, by quitclaim deed, C. W. Ford conveyed this same homestead property back “unto MRS. ELIZABETH GILMER FREEMAN and ARTHUR LEWIS FREEMAN, as joint tenants with the right of survivorship and not as tenants in common.”
The complainant also prayed in his amended bill of complaint that the quitclaim deed from Mrs. Elizabeth Gilmer Freeman to C. W. Ford executed on October 15,1968, and the quitclaim deed from C. W. Ford to Mrs. Elizabeth Gilmer Freeman and Arthur Lewis Freeman dated November 22, 1968, be set aside and declared null and void because these instruments were based on the void deed from Mrs. Palma Morgan Gilmer to Mrs. Elizabeth Gilmer Freeman.
On October 18, 1972, Rev. Luther S. Gil-mer, the father of complainant and defendant Elizabeth Gilmer Freeman and the hus *718 band of Palma Morgan Gilmer at the time of her death, executed a quitclaim deed to Mrs. Elizabeth Gilmer Freeman conveying the homestead property. She contends that this quitclaim deed from her father “conveyed all of his interest in the lands involved herein to” her.
The trial court sustained a motion to dismiss Luther S. Gilmer as a party complainant and thereafter Morgan S. Gilmer filed his amended bill of complaint.
Mississippi Code Annotated section 89-1-31 (1972), states in part:
“A conveyance, mortgage, deed of trust or other encumbrance of a homestead where it is the property of the wife shall not be valid or binding unless signed and acknowledged by the owner and the husband if he be living with his wife . . ” (Emphasis added).
Hughes v. Hahn, 209 Miss. 293, 46 So.2d 587 (1950), is remarkably similar to the case at bar. In Hughes, John Brassel on October 24, 1942, conveyed to his daughter the homestead property on which he and his wife were living as a home. John Brassel died on April 1, 1948, and on October 4, 1948, his widow signed the original deed under her husband’s signature and had it acknowledged.
After distinguishing Hughes v. Hahn from Wilson v. Gray, 59 Miss. 525 (1882), the Court said, in deciding Hughes:
“[U]nder a long line of decisions rendered by this Court since that time a deed by the husband which attempts to convey away the homestead without the joinder of the wife in the execution of the conveyance, is null and void. Such a conveyance is void as to both the husband and wife. .
******
“In the instant case the husband had been dead for several months at the time the wife joined in the conveyance, and he could not, therefore, have consented to her subsequent execution of the same. When he died on April 1,1948, he was the absolute owner of the land in question, because of the invalidity of his former deed of conveyance thereof without the signature of his wife, and therefore, the rights of the complainants in the present case had intervened long prior to her signing and acknowledging the deed.
. Even though the wife of John Brassel may have been willing that the homestead be sold on October 24, 1942, the time at which the contemporaneous assent of the husband and wife must exist is the time when the deed is finally executed by her joinder therein. In other words, the deed is void as to the owner of the homestead who has executed a deed to the same until the other spouse joins therein with the contemporaneous assent of both. Consequently, there can be no joinder by the wife in the execution of a conveyance of the homestead by the husband unless she executed the conveyance during his lifetime, and with his consent.” 209 Miss, at 298-99, 46 So.2d at 589-90.
In the case at bar, the quitclaim deed from Luther S. Gilmer to Elizabeth Gilmer Freeman was not executed until October 18, 1972, more than four years after the death of his wife, Palma Morgan Gilmer.
The warranty deed of April 4, 1968, executed by Mrs. Palma Morgan Gilmer alone in which she attempted to convey homestead property, was, therefore, null and void and of no effect.
Mrs. Palma Morgan Gilmer died intestate on September 20, 1968. The homestead property, upon her death, descended by the law of descent and distribution to her husband, Luther S. Gilmer, and the children of their marriage, share and share alike. The quitclaim deed of October 18, 1972, from Luther S. Gilmer to Elizabeth Gilmer Freeman, therefore, conveyed only a child’s part to her.
Instead of dismissing the amended bill of complaint, the trial court should have granted the relief prayed for therein. The decree of the chancery court is, therefore, reversed and these deeds set aside and declared null and void:
1. Warranty Deed from Mrs. Palma Morgan Gilmer to Mrs. Elizabeth Gil- *719 mer Freeman dated April 4,1968, and recorded in Deed Book 330 at Page 38;
2. Quitclaim Deed from Mrs. Elizabeth Gilmer Freeman to C. W. Ford dated October 15, 1968, and recorded in Deed Book 344 at Page 503;
3. Quitclaim Deed from C. W. Ford to Mrs. Elizabeth Gilmer Freeman and Arthur Lewis Freeman, dated November 22, 1968, and recorded in Deed Book 344 at Page 504.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.